Curia, per

Butler, J.
From the fact that only a small portion of defendant’s possession (about a third of it,) was within plaintiff’s grant, there might have been good reason to conclude that it had been acquired by inching over, and should be regarded as altogether accidental. It appears, *291 however, that the house in which the tenant lived, had been built and occupied for many years, and was on the land claimed by the defendant. This may have been deliberately done, with a view of acquiring a title by the operation of the statute of limitations, under a junior grant, and in this way would have been consistent with defendant’s claim. Under some circumstances, such a possession might have been availing. It could not have been so, unless the possession had been notorious, continuous and adverse in its character. Where one enters on land, acknowledging at the time the title of another, or subsequently recognizes it, he cannot make his possession adverse, without either giving notice of his design to the owner, or doing some act indicative of his adversary position. It appeared in this case, that William Johnston, under whom defendant claimed, had, in compromise of an action about this very land, relinquished all claim to it, and had made repeated acknowledgments that it was Moore’s land. After that, Moore had every reason to believe that his title was secure from any claim which Johnston might set up by virtue of any possession under Mrs. Cook’s tenancy. From the time of this compromise and relinquishment, Mrs. Cook’s tenancy should be referred to Moore’s title. Although she had entered under a trespasser, it was competent for her to attorn to the true owner, by the consent of her original landlord. And did not this result by operation of law, by virtue of the compromise and relinquishment of Johnston'? From that time the possession of the tenant should have been regarded as the possession of the true owner. Without some actual notice to the contrary, or without some act on the part of Johnston, shewing that he had again laid claim to the land, such should have been the conclusion of the jury. According to these views, the verdict was erroneously rendered for the defendant, and should be set aside. The motion for a new trial is therefore granted.
Richardson, O’Neall, Evans, Wardlaw, and Frost, JJ. concurred.